IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


LINDA STALVEY,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   1:08CV781
                                      )
NORTH CAROLINA DEPARTMENT OF          )
VOCATIONAL REHABILITATION, and        )
NORTH CAROLINA DEPARTMENT OF          )
HEALTH AND HUMAN SERVICES,[1]         )
                                      )
            Defendants.               )


**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. The underlying action alleges age discrimination in violation of Title VII of the Civil Rights Act of 1964, and is supported by the following facts.

Defendant employed Plaintiff as an office assistant in its Greensboro office from August 28, 2001 until September 18, 2007. Notably, Plaintiff did not actually work after July 31, 2006, when she went on family medical leave without pay. She subsequently qualified for short-term disability on September 19, 2006, and when this disability period expired on September 18, 2007, she resigned

---

[1] While Plaintiff's caption implies that the North Carolina Department of Vocational Rehabilitation and the North Carolina Department of Health and Human Services are two separate Defendants for purposes of this action, both the Complaint and Defendants' filings submit that they are a single entity with the former being a division of the latter. For purposes of consistency, and because there is a single pending motion filed on behalf of both named Defendants, the Court will refer to a single Defendant in this Recommendation.

in order to qualify for long-term disability benefits.  In her *pro se* Complaint, Plaintiff claims that she chose to retire on disability "due to the hostility and discrimination of the Greensboro Division of Vocational Rehabilitation."  (Compl. ¶ 4.) She alleges that (1) she was "held to a different standard" than her younger co-workers in terms of her work duties and hours, and that (2) several of her younger co-workers were verbally and, at least on one occasion, physically abusive toward her.  (Compl. ¶ 5.)  According to Plaintiff, the stress of these working conditions led to her health problems and eventual resignation.

In her EEOC discrimination charge, dated April 4, 2008, Plaintiff claims that, during her employment with Defendant, she "was discriminated against based on [her] disability and retaliated against, in violation of the Americans with Disabilities Act (ADA) of 1990."  The Complaint, in contrast, makes no mention of disability discrimination or the ADA.  Instead, it alleges age discrimination and cites Title VII as the sole controlling statute. Defendant argues that, because Plaintiff failed to allege age discrimination in her EEOC charge, this claim is not exhausted and should be dismissed accordingly.  In the alternative, Defendant claims that, even if Plaintiff's EEOC claim could reasonably be construed to include a charge of age discrimination, this charge was not timely filed.

## Legal Standards

Because Defendant contends that Plaintiff failed to exhaust her administrative remedies, it argues in its motion to dismiss

that, pursuant to Fed. R. Civ P. 12(b)(1), this Court does not have subject matter jurisdiction over Plaintiff's age discrimination claim. For the same reason, Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

In deciding a motion under Fed. R. Civ. P. 12(b)(1), the burden is on the plaintiff to show that subject matter jurisdiction is present. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Also, the Court may consider evidence outside the pleadings without converting the motion into one for summary judgment. Id.

Under Fed. R. Civ. P. 12(b)(6), on the other hand, dismissal is appropriate when "the pleadings do not disclose 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 & 304 (4th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must construe all allegations in the pleadings in the plaintiff's favor, but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The requirement that a *pro se* complaint be liberally construed does not diminish this standard. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). In all cases, substantive, non-conclusory factual allegations must support the plaintiffs' claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007).

In addition to its failure to exhaust arguments, Defendant contends that Plaintiff's claim for punitive damages merits dismissal under Rules 12(b)(2) and 12(b)(6). As was the case under Rule 12(b)(1), Plaintiff bears the burden of proof under Rule 12(b)(2) and must show that jurisdiction is proper by a preponderance of the evidence. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). However, preliminarily, Plaintiff need only make a prima facie showing that jurisdiction exists and factual disputes must be decided in Plaintiff's favor. Id.

## Discussion

The Court will first examine the viability of Plaintiff's Title VII claim. It is axiomatic that, in order to pursue any federal discrimination claim, a plaintiff must first exhaust all administrative remedies. Mohasco Corp. v. Silver, 447 U.S. 807 (1980). Under the ADEA, ADA, and Title VII, an administrative charge must be filed with the EEOC within 180 days of the allegedly discriminatory act. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). Failure to file an administrative charge in a timely or sufficient manner will bar a plaintiff from suing thereafter on his or her claim. Delaware State College v. Ricks, 449 U.S. 250, 262 (1980).

In the present case, there is no question that Plaintiff filed a formal charge of discrimination with the EEOC on April 4, 2008. However, Defendant challenges both the substantive sufficiency of Plaintiff's charge and its timeliness. This Court agrees and will address each of these bases for dismissal in turn.

-4-

Case 1:08-cv-00781-JAB-DPD   Document 11   Filed 09/21/09   Page 4 of 7

First, a plaintiff in an employment discrimination suit may only litigate claims which are (1) stated in her initial EEOC charge, (2) reasonably related to that charge, or (3) developed by reasonable investigation of that charge. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)(citing King v. Seaboard Coast Line, R.R., 538 F.2d 581, 583 (4th Cir. 1976)). This requirement attempts to protect the rights of individuals, many of whom are unrepresented by counsel, without frustrating the EEOC's informal method of redressing grievances. See Hubbard v. Rubbermaid, Inc., 436 F. Supp. 1184, 1188-89 (D. Md. 1977).

Unfortunately for Plaintiff, the charge in the present case is insufficient to allow her claim of age discrimination to proceed, even given the broad investigatory powers of the EEOC. Plaintiff's EEOC charge makes no mention of age or Title VII and leaves the box for age discrimination unchecked. While Plaintiff does allege that she "experienced continual harassment and retaliation for years during [her] employment," nothing else in the EEOC charge would logically lead investigators to look into possible age discrimination, particularly where the charge specifically states that Plaintiff "was discriminated against based on [her] disability and retaliated against, in violation of the Americans with Disabilities Act (ADA) of 1990." Additionally, the facts submitted by Plaintiff in her charge indicate that the basis for her filing was Defendant's alleged failure to make an accommodation for her disability at the end of her short-term disability period. In

short, Plaintiff's age discrimination claim exceeds the scope of her EEOC charge and any administrative investigation that could reasonably be expected to follow. As such, Plaintiff's Title VII action is procedurally barred for failure to exhaust.

Even if Plaintiff had adequately raised a claim of age discrimination in her EEOC charge, a second problem prevents her claim from going forward. As stated above, an administrative charge must be filed with the EEOC within 180 days of the allegedly discriminatory act. Here, Plaintiff did not file her EEOC charge until April 4, 2008. At that point, 200 days had passed since her resignation, and she had not actively worked for Defendant in nearly two years. Because no actionable unlawful employment practice could have taken place after Plaintiff's resignation, her Title VII claim is procedurally barred on timeliness grounds as well.

The Court now turns briefly to Defendant's contention that Plaintiff's claim for punitive damages also merits dismissal. Defendant correctly notes that government agencies, such as itself, are immune from punitive damages under Title VII. 42 U.S.C. § 1981a(b)(1). Thus, even if Plaintiff's discrimination claim had survived Defendant's motion, Plaintiff would not be entitled to punitive damages, and this claim, too, must be dismissed.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (docket no. 4) be granted and that Judgment be entered dismissing this action.


                                    /s/ Donald P. Dietrich
                                 **Donald P. Dietrich**
                           **United States Magistrate Judge**

September 21, 2009